UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEEKS COMMUNICATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANDX, INC. and JOSEPH L. FLOOD<br><br>Defendants. | United States District Court<br><br>Civil Action No. 04-10426 (GAO) |

## DEFENDANT ANDX, INC.'S ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant ANDX, Inc. ("ANDX"), by its attorneys Fish & Richardson P.C., hereby responds to the Complaint of Plaintiff Feeks Communications, Inc., ("Feeks"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.

ANDX denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. The responses herein are made on behalf of ANDX, and not on behalf of Joseph L. Flood ("Defendant Flood"). ANDX expressly denies that Defendant Flood was the President of ANDX, that Defendant Flood had any power to act on behalf of ANDX, or that ANDX made a contract with Defendant Feeks or had any awareness of the alleged contract. ANDX denies that Plaintiff Feeks is entitled to the relief requested or any other.

1.  ANDX admits that the Complaint alleges Feeks' right to recover from ANDX and Defendant Flood sums of money allegedly owed for services rendered,

expenses incurred and lost profits resulting from an alleged breach of contract by ANDX and Defendant Flood, but ANDX denies that Plaintiff has any such right to cover from ANDX and denies the remaining allegations of paragraph 1.

2. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2, and therefore denies the same.

3. ANDX admits that it is a Minnesota corporation having its registered office at 674 Arbogast Street, Shoreview, Minnesota.

4. Upon information and belief, Defendant Flood is an individual who resides at 5212 Nelmark Avenue, NE, St. Michael, Minnesota. ANDX denies the remaining allegations of paragraph 4.

5. ANDX admits that Feeks signed at least one email as "PR Works" and is otherwise without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5, and therefore denies the same.

6. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6, and therefore denies the same.

7. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7, and therefore denies the same.

8. ANDX admits that it had one meeting with Feeks on or about January 8, 2003, in which Defendant Flood introduced Feeks as a someone who might be helpful to ANDX in the future, one or two telephone calls in which Feeks and/or Defendant Flood participated in which no contract was discussed, and sent one e-mail in which ANDX expressly stated that Feeks had no authority to act on behalf of ANDX, and otherwise denies the allegations of paragraph 8.

9. ANDX denies the allegations of paragraph 9.

10. ANDX denies the allegations of paragraph 10.

11. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 related to the actions of Plaintiff and Defendant Flood. ANDX denies the remaining allegations of paragraph 11.

12. ANDX expressly denies that Defendant Flood was the President or the CEO of ANDX, or that Defendant Flood had any official capacity or power to enter into agreements on behalf of ANDX. ANDX admits that a document purporting to be an agreement is attached as Exhibit A, but ANDX expressly denies knowledge or awareness of this document prior to receiving the complaint in this matter. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 related to the actions of Plaintiff and Defendant Flood or the existence or enforceability of the agreement attached to Plaintiff's Complaint, and therefore denies the remaining allegations of paragraph 12.

13. ANDX denies the allegations of paragraph 13.

14. ANDX denies the allegations of paragraph 14.

15. ANDX denies that it notified Feeks that it was involved in any kind of dispute with the University of Minnesota at any time. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 15 related to the actions of Plaintiff and Defendant Flood, and therefore denies the remaining allegations of paragraph 15.

16. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 related to the actions of Plaintiff and Defendant Flood, and therefore denies the allegations of paragraph 16. .

17. ANDX denies the allegations of paragraph 17.

18. ANDX admits that it has not paid any money to Feeks and expressly denies that Feeks rendered any compensable services to ANDX or that ANDX was obligated to compensate Feeks. ANDX denies the remaining allegations of paragraph 18.

19. ANDX denies that Feeks ever made demands of ANDX for any amounts allegedly owed to Feeks by ANDX. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 related to communications between ANDX and Defendant Flood, and therefore denies the same.

20. ANDX denies the allegations of paragraph 20.

21. ANDX denies the existence of a contract between ANDX and Plaintiff Feeks, and denies that Feeks has performed any obligations to ANDX related to any contract. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 21.

22. ANDX denies that it has breached an agreement with Feeks, that it prevented Plaintiff from performing any duties, and that there was a contract between Feeks and ANDX. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 22, and therefore denies the same.

23. ANDX denies Feeks has sustained damages as a direct or proximate result of ANDX's actions. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 23, and therefore denies the same.

24. ANDX incorporates by reference its answers to paragraphs 1-23.

25. ANDX denies that it requested Feeks to provide services of any kind to ANDX, and denies that ANDX agreed to pay for any such services. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 25, and therefore denies the same.

26. ANDX denies that it accepted products or service from Feeks. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 26, and therefore denies the same.

27.  ANDX denies that any benefits have been conferred to ANDX as a result of Feeks' products or services. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 26, and therefore denies the same.

28.  ANDX denies that Feeks has made any demands on ANDX, and that ANDX owes any amount due to Feeks. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 26, and therefore denies the same.

29.  ANDX denies that it has been unjustly enriched, or that any party has been unjustly enriched due to the conduct of ANDX, and denies that any products or services have been provided to ANDX by Feeks. ANDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 26, and therefore denies the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

30.  The Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

31.  The Court does not have jurisdiction over the person of ANDX.

### Third Affirmative Defense

32.  Venue is improper and inconvenient because ANDX is a Minnesota corporation not subject to personal jurisdiction in this judicial district at the time this action was commenced. Further, this venue is inconvenient to both ANDX and its witnesses.

### Fourth Affirmative Defense

33. Under the applicable laws,, Defendant Flood did not and does not have the power to enter into an agreement with Feeks on behalf of ANDX. As such, no agreement has ever existed between ANDX and Feeks.

34. Plaintiff's claims are predicated on the assertion that it validly entered into a contract with ANDX through its communication with Defendant Flood.

35. Therefore, ANDX is not liable because Defendant Flood lacked the power to enter into any agreement with Feeks on behalf of ANDX.

### Fifth Affirmative Defense

36. Plaintiff has failed to plead that all conditions precedent to the formation of a contract between Feeks and ANDX have occurred.

37. In his complaint, Feeks represents that Defendant Flood and Feeks entered into an agreement on behalf of ANDX for services to be rendered by Feeks to ANDX. To the extent that Defendant Flood engaged in such conduct, he was acting without power to act on behalf of ANDX or to bind ANDX. At no time have Feeks and ANDX entered into an agreement. This constitutes a failure of a condition precedent necessary to the formation of a contract.

### Sixth Affirmative Defense

38. ANDX has never received consideration sufficient to support a contract between ANDX and Feeks. As such, ANDX and Feeks have never been parties to an enforceable contract.

### Seventh Affirmative Defense

39. Upon information and belief, Plaintiff is barred from recovery in this action by the doctrines of assumption of risk and unclean hands.

40. Specifically, Plaintiff was expressly advised that Plaintiff had no authority to act on behalf of ANDX, and therefore Plaintiff assumed the risk of its actions undertaken without authority. Moreover, upon information and believe, Plaintiff, with knowledge of its lack of authority, contacted third parties and purported to act on behalf of ANDX. Its misrepresentations and other contacts with third parties constitute intentional interference with ANDX's valuable business relationships and caused damage to ANDX.

41. Because of Plaintiff's intentional tortious conduct, it cannot recover from ANDX.

Respectfully submitted,

Dated: March 9, 2004

Heidi E. Harvey (BBO #548114)
Christopher Centurelli (BBO #640974)
Denis Ticak (BBO #656536)
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Attorneys for Defendant ANDX, Inc.

## CERTIFICATE OF SERVICE

I certify that a true copy of Defendant Andx, Inc.'s Answer was served on March 9, 2004 by First Class Mail, postage prepaid as follows:

Ellen B. Kaplan, Esq.
Kaplan & Nichols, P.C.
63 Winter Street
P.O. Box 2198
Edgartown, MA 02539

Mr. Joseph L. Flood
5212 Nelmark Avenue, NE
St. Michael, MN 55376

Denis Ticak

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

March 9, 2004

BY HAND

Clerk
United States District Court
 for the District of Massachusetts
One Courthouse Way, Suite 2300
Boston, MA  02110

Re:   Feeks Communications, Inc. v. ANDX, Inc. and Joseph L. Flood
      Civil Action No. 04-10426 (GAO)

Dear Sir or Madam:

Enclosed please find regarding the above-entitled action Defendant Andx, Inc.'s Answer.

Kindly date-stamp the enclosed copy and return it to our messenger.

Very truly yours,

Denis Ticak

DZT/nat

cc:   Ellen B. Kaplan, Esq.
      Mr. Joseph L. Flood

20821152.doc