UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEEKS COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANDX, INC. and JOSEPH L. FLOOD<br><br>Defendants. | United States District Court<br><br>Civil Action No. 04-10426 (GAO) |

**DEFENDANT ANDX, INC.'S OPPOSITION TO PLAINTIFF FEEKS COMMUNICATION INC.'S MOTION TO REMAND AND SUPPORTING BRIEF; REQUEST FOR ORAL ARGUMENT**

Defendant ANDX, Inc. ("ANDX") opposes plaintiff Feeks Communications, Inc.'s ("Feeks") Motion to Remand. Feeks' motion argues that the "rule of unanimity" requires remand because defendant Joseph L. Flood ("Flood") has not joined in the removal. Feeks' motion should be denied because the failure of a misaligned defendant to join in a notice of removal does not render such a removal defective. In this case, Flood has been named as a defendant even though his proper position in this lawsuit, if any, is as a third party defendant to potential claims by ANDX. Since third party defendants need not be joined in a notice of removal, ANDX's notice of removal is proper.

## BACKGROUND

On February 2, 2003, plaintiff Feeks filed a lawsuit against ANDX and Flood in the Superior Court Department of the Massachusetts Trial Court. Defendant ANDX

1

removed the lawsuit to the United States District Court for the District of Massachusetts on March 2, 2004.

Plaintiff asserts that Defendant Flood was served with process on February 17, 2004. Defendant Flood did not join in or assent to the removal, and, in fact, has not appeared in the matter so far either by counsel or pro se. As such, Defendant Flood has technically been in default for nearly two months, but plaintiff has not sought a default judgment against Flood.

By its complaint, Feeks seeks recovery under breach of contract and *quantum meruit* theories.

While both Flood and ANDX are named defendants in the complaint, the substance of the complaint asserts contract and *quantum meruit* causes of action against ANDX only. In the complaint, Feeks fails to allege that Flood was a party to any contract with Feeks. Feeks also fails to allege that any benefit has accrued to Flood in his individual capacity — an allegation necessary to recover under a theory of *quantum meruit*. *Peabody N.E., Inc. v. Town of Marshfield*, 426 Mass. 436, 442-43 (1998). In fact, nowhere in the complaint does Feeks allege facts that could support a cause of action against Flood in his individual capacity. Each and every allegation makes clear that Feeks' causes of action are against ANDX, and not Flood, and that the allegations with respect to Flood are in his **alleged** capacity to act on behalf of and bind ANDX. For example:

- At all times relevant to this action, Flood has been the President, Executive Director and/or CEO of ANDX and participated in making business decisions for [ANDX]. (Complaint ¶4) (emphasis added);
- In or about August, 2002, Defendant Flood contacted Feeks at its office in Edgartown, Massachusetts to solicit its services ***on behalf of*** Defendant ANDX.... (Complaint ¶6) (emphasis added);

2

- In telephone conversations and mail correspondence ..., *ANDX and Feeks agreed* that Feeks would provide marketing and public relations services for ANDX and that ANDX would pay Feeks $120 an hour for such services plus all expenses incurred by Feeks in connection therewith. (Complaint ¶9) (emphasis added);

- ... Plaintiff provided consulting and public relations services *for ANDX* on an hourly basis .... (Complaint ¶10) (emphasis added);

- In January, 2003, *Plaintiff and ANDX*, by Flood as its President and CEO, *executed a written agreement*, (the "Agreement"), effective January 1, 2003.... (Complaint ¶12) (emphasis added); and,

- Plaintiff provided a total of 280.25 hours ($33,630) of service *to ANDX* in accordance with the Agreement.... (Complaint ¶14) (emphasis added).

Despite the allegations by Feeks to the contrary, ANDX denies that Flood has ever had any power to enter into contractual relationships on behalf of ANDX. Indeed, ANDX has made clear in its denials and affirmative defenses that ANDX is adverse to Flood.

## APPLICABLE LAW

The rule of unanimity finds its origin in a predecessor to the current 28 U.S.C. §§ 1441 *et. seq.*; *Hanrick v. Hanrick*, 153 U.S. 192 (1894). When enacted, the statute was intended to limit the types of cases within the removal jurisdiction of the federal courts. *Id.* at 197. The courts', recognizing this, interpreted the phrase "a defendant or defendants" narrowly to require assent from all defendants in a notice of removal. *Id.* at 196. Even so, the predecessor statute contained a provision giving defendants an opportunity to prove that the plaintiff would obtain an unfair advantage if the suit were allowed to continue in the state court. *Id.* at 198.

While the current statute does not offer the option of proving prejudice, there are still many exceptions to the rule of unanimity. Misaligned defendants or persons named

3

as defendants to prevent removal need not join in removal. *White v. U.S. Fidelity & Guar. Co.*, 356 F.2d 746, 748 (1st Cir. 1966). Nominal or formal parties, being neither necessary nor indispensable, are not required to join in the notice. *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272-73 (7th Cir. 1982). Any defendant that was not served with state court process need not join in the notice of removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). In addition, the unanimity requirement does not apply if a federal statute eliminates the requirement that each defendant join in the notice of removal. *See, e.g.*, 28 U.S.C. §§ 1441(c), 1442 (2003).

## ARGUMENT

While the "rule of unanimity" generally requires that all parties labeled as defendants assent to a notice of removal, courts will typically consider a party's real interest in a case before deciding whether that party must join a notice of removal. *White*, 356 F.2d at 748 (while a named defendant objected to remand, the court found that there was no theory under which judgment could be rendered against the objecting defendant, and thus his consent was not required); *Sands v. Geller*, 321 F.Supp. 558, 561 (S.D.N.Y. 1971) (courts look beyond designations given in the pleadings and arrange parties according to their sides in the dispute); *Glenmade Trust Company v. Dow Chemical Company*, 384 F.Supp. 423, 427 (E.D. Pa. 1974) ("A District Court must determine the propriety of the removal of a case only after it has realigned the parties according to their actual interests in the suit."); *See also Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4-5 (D. Mass. 2001) (where a party can prove no set of facts that will result in

4

liability of the defendant, that defendant is misjoined and need not join in notice of removal).

Such is the case here, where Flood has been misaligned as an individual defendant even though plaintiff Feeks has no cause of action against Flood as an individual. Instead, from the allegations of Feeks and ANDX's knowledge of the circumstances surrounding the other parties to the lawsuit, Flood is more properly a third party defendant to be implead permissively under Fed. R. Civ. P. 14 by defendant ANDX, or sued in a separate course of action, for claims for indemnity and for fraudulently purporting to bind ANDX to agreements with third parties. Since this third party complaint is permissive, ANDX is allowed to reserve this cause of action, if necessary, for another day and for a more convenient forum. Fed. R. Civ. P. 14, ("At any time after commencement of the action a defending party, as a third-party plaintiff, *may* cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.") (emphasis added). For purposes of this action, it is sufficient that the facts alleged in the complaint give rise to a cause of action by ANDX against Flood, and not Feeks against Flood. Indeed, the allegations give rise to adversity between ANDX and Flood. Flood has never been given authorization to enter into contracts on behalf of ANDX. Despite this fact, Flood had apparently entered into an agreement with Feeks purporting to act on behalf of ANDX. To the extent Flood engaged in such conduct, he was acting without power to bind ANDX to an agreement.

The rule of unanimity may also be disregarded where a non-joining defendant is a nominal party. *Balazik v. Dauphin*, 44 F.3d 209 at 213 n4 (3rd Cir. 1995). To establish

that non-removing parties are nominal parties, the removing party must show that there is no possibility that the plaintiff has stated a claim against the non-removing defendant. *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991), cert. denied, 502 U.S. 866 (1991); *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997) ("[t]he question is simply whether the defendant can show that no possibility exists that the plaintiffs have stated a claim against the [non-removing defendant].").

In *Farias*, the plaintiff had asserted breach of contract claims and negligence claims against several defendants. The Fifth Circuit determined that (1) the non-moving defendants were not a party to the agreement and therefore could not breach the agreement, and (2) the non-removing defendants were not under any duty to perform the acts whose omission the plaintiff claimed was a negligent breach of duty. *Id.* at 872. Since the plaintiff could prove no set of facts that could result in liability on the part of the non-moving defendants, joinder of the non-removing parties to the notice of removal was not necessary to effect a removal. *Id.*; *Balazik*, 44 F.3d at 213 n4 (3rd Cir. 1995) ("[t]he unanimity rule may be disregarded where ... a non-joining defendant is an unknown or nominal party); 14B CHARLES ALAN WRIGHT ET. AL., FED. PRAC. & PROC. § 3723 (3d ed. 1998) ("... removal will be permitted ... when the plaintiff has not or cannot state a claim for relief against [the non-removing defendant] under the applicable substantive law ...").

As in *Farias* and *Mills*, plaintiff Feeks can prove no set of facts that will establish a right to recovery against Flood on either contract or *quantum meruit* theories. Instead, every allegation in the complaint, if proven, would only give rise to liability against ANDX, not Flood. This is partly because, in each and every allegation related to Feeks'

6

causes of action, Feeks asserts that Flood was acting in a representative capacity on behalf of ANDX. Neither the purported Agreement of January 1, 2003, between Feeks and ANDX, nor the services Feeks purportedly provided to ANDX would entitle Feeks to recovery on the theories of breach of contract or *quantum meruit* asserted in the complaint.

## **CONCLUSION**

Nowhere in the complaint does Feeks allege a cause of action against Flood in his individual capacity. This is because Flood's proper status in this lawsuit, if any, is as a third party defendant for claims of indemnity by ANDX. As such, Flood is not properly named as a defendant and the Court should not allow his lack of assent to removal from Dukes Superior Court to affect Defendant ANDX's right to remove the action to take advantage of the Federal District Court for the District of Massachusetts' diversity jurisdiction. As such, plaintiff Feeks' Motion to remand should be denied.

## REQUEST FOR ORAL ARGUMENT

ANDX requests oral argument.

Respectfully submitted,

Dated: April 9, 2004

*Heidi E. Harvey*

Heidi E. Harvey (BBO #548114)
Christopher Centurelli (BBO #640974)
Denis Ticak (BBO #656536)
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Attorneys for Defendant ANDX, Inc.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing DEFENDANT ANDX, INC.'S OPPOSITION TO PLAINTIFF FEEKS COMMUNICATION INC.'S MOTION TO REMAND AND SUPPORTING BRIEF; REQUEST FOR ORAL ARGUMENT was served on April 9, 2004 by First Class Mail, postage prepaid as follows:

Ellen B. Kaplan, Esq.
Kaplan & Nichols, P.C.
63 Winter Street
P.O. Box 2198
Edgartown, MA 02539

Mr. Joseph L. Flood
5212 Nelmark Avenue, NE
St. Michael, MN 55376

*Heidi E. Harvey*

20840971.doc